IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | |
| GREENBRIAR TREATMENT CENTER, ) | |
| ) | COMPLAINT |
| ) | |
| Defendant. ) | JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to one of Defendant's former employees, who was adversely affected by such practices. As described with greater particularity in Paragraph 8, below, the Commission alleges that the former employee was discharged from her position as a Full-Time Intensive Treatment Counselor when Defendant's management learned of her participation in a supervised drug rehabilitation program. The Commission contends that Defendant regarded the former employee as disabled, and/or that she has a record of a disability, and is thus protected against discrimination. Yet, Defendant terminated her employment because of the former employee's record of a disability, or in the alternative, because it regarded her as disabled. As a result of the discriminatory discharge, the former employee suffered backpay losses and compensatory damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, §24 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f) (10 and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1).

4. At all relevant times, Defendant Employer, Greenbriar Treatment Center, (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of New Kensington, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §12111(2).

2

6. At all relevant times, Defendant Employer has been a covered entity under Section 101 (2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Defendant's former employee filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 2005, Defendant Employer has engaged in unlawful employment practices at its facility in New Kensington, Pennsylvania, in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1) by discriminating against its former employee because she is a recovering addict in a supervised rehabilitation program. The unlawful employment practices include the following:

(a) In or about September 2002, Defendant's former employee began working at one of Defendant Employer's outpatient treatment centers, located at 606 6th Street, New Kensington, PA 15068. Throughout the course of her employment with Defendant Employer, the former employee worked as a full-time evening intensive treatment counselor.

(b) The former employee performed her job duties successfully during the course of her employment with Defendant Employer. She was granted one salary increase in 2003 and another in 2004.

(c) On or about January 6, 2005, Defendant Employer's then-Outpatient Clinical Supervisor, Bill Dorn, the former employee's direct supervisor, approached her

3

and advised that Defendant was going to start administering random employee drug testing. Mr. Dorn advised the former employee that she had been selected for a random drug screen test. He handed her a urine cup, directed her to go into the ladies' room, produce a urine sample, and give it to his secretary. The former employee complied with these requests.

(d) On or about January 13, 2005, Mr. Dorn contacted the former employee via telephone and informed her that her employment was terminated, effective immediately, for violating Defendant's drug policy because the results of her drug test reflected the existence of methadone in her system. The former employee informed Mr. Dorn that she had a legal prescription for the methadone, as she was participating in a methadone maintenance program, but Mr. Dorn terminated her employment nonetheless.

(e) On or about January 15, 2005, the former employee met with Dorn at his request, at a Sheetz convenience store to return her office keys. Mr. Dorn berated the former employee, telling her she "should be ashamed" of herself, and that Defendant Employer was considering "pressing charges" against her. The former employee again attempted to explain to Mr. Dorn that she was a participant in a methadone maintenance program for recovering drug addicts.

(f) The former employee was enrolled in a methadone maintenance program throughout the course of her employment with Defendant Employer and Defendant Employer never raised any issues with her performance. Yet, Defendant Employer nevertheless terminated the former employee's employment upon learning of her involvement in the methadone maintenance program.

Defendant failed to give the former employee or her health care providers any opportunity to address the erroneous notion that it was somehow unsafe or problematic to continue to employ her.

(g) The former employee's past medical records reveal that she was disabled in the past due to an addiction, in that her addiction rendered her substantially impaired in major life activities in the past.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive the former employee of equal employment opportunities and otherwise adversely affect her status as an employee because Defendant Employer regarded her as disabled, because she has a record of a disability, and because Defendant Employer incorrectly viewed her as a drug addict.

10. The unlawful employment practices complained of in Paragraph 8 above were intentional.

11. The unlawful practices complained of in Paragraph 8 above were done with malice or reckless indifference to the federally protected rights of the former employee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability, including but not limited to discharging an employee who is participating in a supervised drug rehabilitation program.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who have records of

disabilities or who are reformed drug addicts participating in supervised rehabilitation programs, and which eradicate the effects of its past and present unlawful employment practices.

C.Order Defendant Employer to make whole its former employee by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its past practices including but not limited to rightful place reinstatement or front pay.

D.Order Defendant Employer to make whole its former employee by providing compensatory damages for past, present and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E.Order Defendant Employer to make whole its former employee by providing compensation for past, present and future nonpecuniary losses resulting from the unlawful practices described in paragraph 7 including but not limited to depression, humiliation, emotional pain, suffering, anxiety, and stress, in amounts to be determined at trial.

F.Order Defendant Employer to pay its former employee punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.Grant such further relief as the Court deems necessary and proper in the public interest.

H.Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Ronald S. Cooper
>General Counsel
>
>James L. Lee
>Deputy General Counsel
>
>Gwendolyn Young Reams
>Associate General Counsel
>Washington, D.C.
>
>*Jacqueline H. McNair (9273)*
>Jacqueline H. McNair
>Regional Attorney
>
>*Judith A. O'Boyle*
>Judith A. O'Boyle
>Supervisory Trial Attorney
>
>*Lisa H. Hernandez*
>Lisa H. Hernandez
>Trial Attorney
>U.S. EEOC
>Pittsburgh Area Office
>1001 Liberty Ave., Suite 300
>Pittsburgh, PA 15222
>412.644.2695
>PA ID No. 87634