IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GREENBRIAR TREATMENT CENTER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 08-0811 ) ) ) ) ) ) ) ) |

## CONSENT DECREE

Introduction

A.   This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on or about June 12, 2008 against Greenbriar Treatment Center, ("Defendant"), to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. In its Complaint, the Commission alleged that Defendant discriminated against one of its former employees because it perceived her as disabled, because of her record of a disability, and/or because it incorrectly viewed her as disabled when it discharged from her position of Drug Treatment Counselor on January 13, 2005. Defendant has denied all allegations in the Complaint.

B.   This Consent Decree is entered into by and shall be final and binding between the EEOC and Defendant, its successors and assigns.

C. For the purpose of settlement, the Commission and Defendant agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 08-08111.

D. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the Complaint and shall not be construed as an admission by Defendant of any violation of the ADA.

## Findings

E. The Court finds that the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties, and the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## Non-Discrimination and Non-Retaliation

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Defendant shall not discriminate on the basis of perceived disability or history of disability in violation of the ADA.

3. Defendant shall not engage in any employment practice which operates to retaliate in any manner against any person, including but not limited to its former employee, because of that person's opposition to any practice made an unlawful employment practice under the ADA, or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the ADA.

4. If any potential future employer contacts Defendant seeking a reference for its former drug treatment counselor described herein, Defendant agrees to give her a neutral job reference.

5. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant with respect to compliance with ADA or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against Defendant.

### Monetary Relief

6. Defendant agrees to pay monetary relief in the amount of $20,000 to the former employee referenced herein, in full settlement of the claims raised on her behalf against Defendant in the EEOC's Complaint. In order to receive this payment, Defendant's former employee will be required to execute a Release. Defendant agrees to pay a maximum of $300 so that its former employee may have a private attorney review the Release and advise the former employee on its content.

7. Defendant shall issue a check for the amount specified in paragraph 6 to the former employee referenced herein within fourteen (14) days of the receipt of her signed Release, or the filing of this Decree, whichever is later. The check will be mailed directly to the former employee, and a copy within five business days thereafter to the attention of Lisa H. Hernandez, Trial Attorney, EEOC Pittsburgh Area Office, William S. Moorhead Federal Building, Suite 1112, 1000 Liberty Avenue, Pittsburgh, PA 15222.

### Posting of Notice

8. Within 20 business days after entry of this Decree, Defendant shall post at all of its facilities, on all bulletin boards used by Defendant for communicating with employees, same-sized copies of the Notice attached as Exhibit B to this Decree. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Defendant shall forward a certification

that the Notice has been posted and dates of posting within 30 days after entry of this Decree to Lisa H. Hernandez, Trial Attorney, EEOC, Liberty Center, William S. Moorhead Federal Building, Suite 1112, 1000 Liberty Avenue, Pittsburgh, PA 15222. If posted copies become defaced, removed, marred or otherwise illegible, Defendant agrees to post a readable copy in the same manner as heretofore specified within three (3) days of notice of same.

<u>Non-Discrimination and Anti-Harassment Policies and Complaint Procedures</u>

9.     Defendant agrees to revise its current policy against discrimination and complaint procedures to ensure it is drafted in plain and simple language. Defendant shall ensure that its policy or policies against discrimination, and related complaint procedures meet the following minimum criteria:

(a)    state that Defendant: (i) prohibits discrimination against employees on the basis of perceived disability, record of disability, and/or actual disability; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory under the ADA or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under the ADA; (iii) prohibits unlawful harassment of any employee on the basis of perceived disability, record of disability, or actual disability, in violation of the ADA; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as physical/verbal abuse and derogatory comments based on perceived disability, record of disability and/or actual disability, in violation of the ADA.

(b)    include a complaint procedure designed to encourage employees to come forward

with complaints regarding violations of its policy or policies against discrimination, which shall identify an accessible employee or employees at Defendant's worksite(s) to whom an employee can make a complaint; which encourages prompt reporting by employees; and which provides assurances that complainants shall not be subjected to retaliation;

(c)  provide for prompt investigation of complaints of discrimination;

(d)  provide for prompt communication to the complaining party that an investigation was conducted and whether any remedial action was taken; and

(e)  provide for discipline up to and including discharge of an employee or supervisor who violates Defendant's policy or policies against discrimination.

10. Defendant shall distribute to all of its employees and newly-hired employees its policy or policies against discrimination, within 30 days after entry of this Consent Decree, if not distributed earlier.

11. Within 10 days after initially distributing its policy or policies against discrimination, Defendant shall advise Lisa H. Hernandez, Trial Attorney, EEOC Pittsburgh Area Office, of the distribution.

12. Defendant shall, annually for the duration of the Consent Decree, distribute a copy of its policy or policies against discrimination to each employee.

<u>Supervisor Accountability</u>

13. Defendant shall promote supervisor accountability by the following conduct:

(a)  providing annual anti-discrimination training to all of its supervisory and managerial personnel;

(b) disciplining, up to and including discharging, any supervisor or manager who violates Defendant's policy or policies against discrimination; and

(c) imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Defendant's policy against discrimination; and

(d) requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the employee or employees designated to handle complaints of discrimination.

## Training

14. Defendant shall provide training on the requirements of the ADA as follows:

(a) Defendant agrees to provide annual training sessions at its facilities for any employee or employees responsible for responding to ADA complaints at Greenbriar Treatment Center. The training will cover employee rights and employer obligations under both the ADA and relevant state or local anti-discrimination laws, and will emphasize what constitutes unlawful harassment and discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation, and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination;

(b) Defendant shall first provide training in accordance with Paragraph 14(a) in calendar years 2009 and 2010.

15. Defendant shall certify to the EEOC in writing within 30 business days after the training sessions required by Paragraph 14 have occurred that the training has taken place and the personnel who attended. Such certification shall include: (i) the dates of the training session; (ii) a copy of the registry of attendance, including the name of each person in attendance; and

(iii) a listing of the employee or employees at Greenbriar Treatment Center's facilities responsible for responding to internal ADA complaints as of the date of the training.

## Dispute Resolution

17.   In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

18.   Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

19.   The terms of this Decree are and shall be binding upon the present and future successors and assigns of Defendant. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any party is found in contempt for a violation of this Decree.

20.   This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-08111.

21.   This Consent Decree shall be filed in the United States District Court for the Western District of Pennsylvania, and shall continue in effect for two (2) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such

period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this two-year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved. In the event of a dispute, the parties agree to confer in an effort to resolve the dispute prior to contacting the Court.

| For Plaintiff EEOC: | For Defendant Greenbriar Treatment Center: |
|---|---|

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Wash., D.C.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
DEBRA LAWRENCE
Acting Regional Attorney

_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney

_____
LISA H. HERNANDEZ
Trial Attorney

_____
JANA PHILLIS GRIMM, Esq.
Eckert Seamans Cherin & Mellott
1001 Corporate Drive, Suite 200
Canonsburg, PA 15317

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
William S. Moorhead Federal Building
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5852

By the Court: _____          Date: _____
               JUDGE DAVID F. CERCONE
               UNITED STATES DISTRICT JUDGE

EXHIBIT A

# **NOTICE**

The Americans with Disabilities Act (the "ADA") prohibits discrimination against employees and applicants for employment based upon their status as persons with disabilities and/or as persons perceived as having a disability. The ADA further prohibits retaliation against employees or applicants who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination or testifying or participating in an EEOC investigation. THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) is the federal agency which investigates charges of discrimination and, if necessary, brings lawsuits in the federal district courts to enforce the ADA.

This Notice is posted as part of a settlement reached in EEOC v. Greenbriar Treatment Center, C.A. No. 08-00811 (W.D. Pa). EEOC filed this action to enforce provisions of Title I of the American with Disabilities Act. EEOC alleged that Defendant violated the Americans with Disabilities Act's prohibitions against disability discrimination in employment. Greenbriar denies all such allegations.

To resolve the matter and for settlement purposes only, Greenbriar Treatment Center and the EEOC have entered into a Consent Decree which provides, among other things, that: (1) Greenbriar Treatment Center will not retaliate against any person because she or he opposed any practice made unlawful by the ADA, filed a charge of discrimination under the ADA, participated in any ADA proceeding, or asserted any rights under the Consent Decree; and (2) Greenbriar Treatment Center will train its managers and supervisors regarding the legal rights of disabled employees and applicants and the responsibilities of employers toward qualified individuals with disabilities who are employees or applicants.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

**THIS NOTICE MUST NOT BE DEFACED OR REMOVED AND MUST REMAIN POSTED FOR A PERIOD OF TWO (2) YEARS FROM THE DATE SET FORTH BELOW.**

_____          _____
**EQUAL EMPLOYMENT OPPORTUNITY**              **GREENBRIAR TREATMENT CENTER**
**COMMISSION**

**Date Posted:** _____, **2009**